CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

June 12, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE  DIVISION**

| | | |
|---|---|---|
| **JESSE RYAN STILTNER,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:25CV00602 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **WEXFORD HEALTH SERVICE, et al.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |

*Jesse Ryan Stiltner, Pro Se Plaintiff.*

The plaintiff, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging that an officer was present in the room during a medical appointment in violation of the Health Insurance Portability and Accountability Act (HIPAA).  Upon review, I conclude that Stiltner's Complaint must be dismissed for failure to state a claim on which relief may be granted.

The court must dismiss a case "at any time" if the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).  A complaint must plead facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facially plausible claim includes factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  To state a claim under 42 U.S.C. §

1983, a plaintiff must set forth sufficient factual allegations against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013).

First, Stiltner names Wexford Health Service as a defendant. Presumably, Stiltner is referring to Wexford Health Sources (Wexford), a private company that provides health care to correctional facilities. When a corporate entity, rather than an individual, is named as a defendant, the entity can be liable only under § 1983 if "an official policy or custom of the corporation causes the alleged deprivation of federal rights." *Rodriguez v. Smithfield Packing Co.*, 338 F.3d 348, 355 (4th Cir. 2003). Ultimately, the inmate must prove that "an unconstitutional municipal policy" deprived him of adequate medical care. *Carter v. Morris*, 164 F.3d 215, 220 (4th Cir. 1999). Stiltner's conclusory Complaint makes no such allegations. In fact, nowhere in the body of the Complaint is there any mention of Wexford, let alone its policies. *See Meeks v. SWVRJ-Haysi Facility*, No. 7:25-cv-00226, 2026 WL 482963, at *3 (W.D. Va. Feb. 20, 2026) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints.") (quoting *Lewis-Bey v. Wilson*, No. 3:17CV763, 2019 WL 4889261, at *3 (E.D. Va. Oct. 3, 2019)). Thus, Stiltner has failed to state a plausible claim against Wexford.

Second, Stiltner names Officer Rosa as a defendant, and claims that he was present in the room for Stiltner's appointment with a mental health doctor. Stiltner asserts that Rosa listened to his personal information and laughed, thus violating HIPAA. But "[a] plaintiff seeking a remedy under § 1983 'must assert the violation of a federal *right*, not merely a violation of federal *law*.'" *Payne v. Taslimi*, 998 F.3d 648, 660 (4th Cir. 2021) (quoting *Planned Parenthood S. Atl. v. Baker*, 942 F.3d 687, 696 (4th Cir. 2019)). HIPAA does not create a private right to sue that may be enforced under § 1983. *Id.* Therefore, because Stiltner cannot state a § 1983 claim based on Rosa's alleged HIPAA violation, this claim must be dismissed.

To the extent that Stiltner alleges that Rosa violated his constitutional rights by laughing at his personal medical information, such claim must likewise fail. Laughing or other verbal harassment by prison officials, without more, does not state a plausible constitutional claim under § 1983. *See Henslee v. Lewis*, 153 F. App'x 178, 180 (4th Cir. 2005) (unpublished).

Accordingly, Stiltner's Complaint will be dismissed without prejudice for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii). A separate Judgment will be entered.

ENTER:   June 12, 2026

/s/  JAMES P. JONES
Senior United States District Judge